IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUE RIDGE SALVAGE COMPANY, INC.<br><br>      Plaintiff,<br><br>v.<br><br>TRIBUNE MEDIA SERVICES, INC.<br><br>      Defendant. | )<br>)<br>)<br>) No. 07 C 6497<br>) District Judge Norgle<br>) Magistrate Judge Mason<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO SHORTEN THE
TIME FOR RESPONSES TO WRITTEN DISCOVERY**

Defendant Tribune Media Services, Inc. ("TMS"), by its undersigned counsel, hereby respectfully moves pursuant to Fed.R.Civ.P. 33(b)(3), 34(b)(2)(A), and 36(a), for an order shortening the time for Plaintiff Blue Ridge Salvage Company, Inc. ("Blue Ridge") to respond to written discovery. In support thereof, TMS states as follows:

1. This case concerns the enforceability of a right of first refusal under Par. 5(b) of the August 25, 1995 Syndication Agreement (the "Agreement") entered into between Blue Ridge and TMS relating to the "Shoe" comic strip ("Shoe"). The Agreement will expire by its terms on March 31, 2008. See TMS' Answer and Counterclaim, Ex. A, at Par. 4(a).

2. On August 15, 2007, Blue Ridge sent TMS an eight-term written proposal communicated by a non-party known as "King Features" for the syndication of Shoe after March 31, 2008. On August 24, 2007, TMS sent Blue Ridge a letter stating <u>inter alia</u> the following: "Pursuant to Section 5(b) of the Syndication Agreement between TMS and your client dated August 25, 1995, TMS hereby notifies Blue Ridge that it accepts the

terms and conditions as specified in the bona fide offer that Blue Ridge received from King Features." <u>See</u> TMS' Answer and Counterclaim, Exs. G and I.

       3.     Nearly three months later, Blue Ridge denied that TMS had any right of first refusal at all, and stated that even if it did have such a right, TMS had failed to exercise the right appropriately. <u>See</u> Complaint for Declaratory Judgment, filed November 16, 2007. TMS filed its Answer and Counterclaim on December 11, 2007, and Blue Ridge filed its Reply to Defendant's Counterclaim on December 31, 2007.

       4.     As noted, the Agreement will expire on March 31, 2008. TMS believes that it has the contractual right to receive Shoe from Blue Ridge on April 1, 2008 and thereafter, and to syndicate Shoe to the hundreds of newspapers which have been running Shoe for more than 20 years. Blue Ridge does not believe that it has any obligation to supply Shoe to TMS on and after April 1, 2008.

       5.     Time is of the essence because of the expiration of the Agreement on March 31, 2008, and the disagreement between the parties about their contractual obligations and rights with respect to Shoe as of April 1, 2008 and thereafter. In accordance with Par. 9 of the Agreement, Blue Ridge "shall not enter into any contract, agreement, understanding, or arrangement" for the preparation or distribution of Shoe while the Agreement is in effect. <u>See</u> TMS' Answer and Counterclaim, Ex. A, at Par. 9. By the same token, TMS cannot fulfill its obligations to provide Shoe to hundreds of newspapers beginning on April 1, 2008 if Blue Ridge fails to supply it.

       6.     Blue Ridge delayed nearly three months after TMS had accepted all eight terms and conditions of the King Features Proposal before filing suit and claiming that TMS had no rights with respect to Shoe after March 31, 2008. Since being sued, TMS has

tried to move the case along expeditiously so that a resolution of the dispute may be achieved before March 31, 2008.  Blue Ridge, however, has not agreed to do what is in its power to expedite the resolution of the case, even though Blue Ridge initiated the litigation.

       7.     Parties to an action may stipulate, in accordance with Fed.R.Civ.P. 29, to shorten the time for responding to written discovery so that a dispute can be ready for resolution at the earliest possible time.  Accordingly, TMS has suggested that both parties agree to respond to written discovery 14 days after service, rather than the usual 30 days.  Blue Ridge has refused to so stipulate.  On January 15, 2008, at 2:30PM, the parties participated in a telephone conference in a good faith attempt to resolve these differences.  Frederic R. Klein, Chad A. Blumenfield, and Kevin Salam were present for the telephone conference.  The parties were unable to reach an accord during the January 15, 2008 call, and efforts towards resolution since then have proven unsuccessful.  Therefore, TMS now respectfully moves this Honorable Court to shorten the time to 14 days after service for both parties to respond to written discovery.

       8.     The Court has the power to shorten the time to respond to interrogatories, document requests, and requests to admit under, respectively, Fed.R.Civ.P. 33(b)(3), 34(b)(2)(A), and 36(a).  TMS has served the following written discovery requests on Blue Ridge, which are attached hereto respectively as Exhibits A-C: Defendant's First Set of Interrogatories to Plaintiff; Defendant's First Set of Document Requests to Plaintiff; and Defendant's First Set of Requests for Admission to Plaintiff (exhibits to Defendant's First Set of Requests for Admission to Plaintiff designated as confidential by the parties have been excluded).  All of these written discovery requests are

narrow and focus on the central issue in this case -- the existence and exercise of TMS' right of first refusal under Par. 5(b) of the Agreement between the parties.

9. For all of these reasons, TMS respectfully asks the Court to shorten the time to 14 days from the date of service for Blue Ridge to respond to Exhibits A-C hereto.

WHEREFORE, Tribune Media Services, Inc. asks that the Court shorten the time to 14 days after service for both parties to respond to written discovery and order Blue Ridge Salvage Company, Inc. to respond to the discovery requests attached hereto as Exhibits A-C within 14 days of service, and for all other and further relief deemed appropriate by the Court.

Dated: February 1, 2008

TRIBUNE MEDIA SERVICES, INC.

By /s/ Frederic R. Klein
One of Its Attorneys

Frederic R. Klein
Chad A. Blumenfield
Kerry K. Donovan
GOLDBERG, KOHN, BELL, BLACK,
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000