IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLUE RIDGE SALVAGE COMPANY, INC., | ) ) ) | |
| Plaintiff-Counterdefendant, | ) | No. 07 C 6497 |
| vs. | ) ) | District Judge Norgle |
| | ) | Magistrate Judge Mason |
| TRIBUNE MEDIA SERVICES, INC. | ) ) ) | |
| Defendant-Counterplaintiff. | ) | |

**PLAINTIFF'S MOTION FOR PRETRIAL
CONFERENCE AND ENTRY OF STANDSTILL ORDER**

Now comes the Plaintiff-Counterdefendant, Blue Ridge Salvage Company, Inc. ("MacNelly"), by its attorney, Kevin B. Salam of Wolf Holland & Solovy, LLP, and respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 16, for a pretrial conference to address entry of a Standstill Order to preserve the asset at issue during the pending litigation, prevent abusive discovery tactics, address discovery scheduling issues, and to promote the efficient, timely and cost effective resolution of the case. In support of its motion, MacNelly states as follows:

**BACKGROUND.**

1.   Plaintiff, Blue Ridge Salvage Company, Inc (MacNelly), is owned and controlled by Susan MacNelly, the widow of the Jeff MacNelly, the original creator of the comic strip "SHOE" referred to in these proceedings and herein as the "Feature."

Since her husband's death at age 52 in 2000, Susan MacNelly has been responsible, through her company Blue Ridge Salvage, for the ongoing creation of the Feature.

2.      At issue in this case is whether MacNelly is legally bound by a right of first refusal to continue providing the Feature to Tribune Media Services, Inc. ("TMS") after March 31, 2008 or whether MacNelly may enter into an agreement with King Features Syndicate ("King") to provide the Feature to King as of April 1, 2008. The Feature is currently syndicated in approximately 600 newspapers world wide.

3.      Although disputing various terms of the current syndication agreement between the parties, MacNelly and TMS agree that the current syndication agreement expires by its own terms on March 31, 2008.

4.      Both parties are concerned about if and how the Feature will be syndicated after March 31, 2008. Both parties believe that failure to continue syndicating the Feature after March 31, 2008 until such time as the rights of the parties are determined will irreparably harm the value of the Feature after March 31, 2008 and thus, reduce the value to whomever this Court decides has the rights in the Feature after March 31, 2008.

5.      MacNelly is concerned that if the Feature is not syndicated after March 31, 2008, during the pending litigation, even if it is later determined that MacNelly can contract with King, the value of the Feature will have been irreparably damaged and MacNelly will not be able to enter into an agreement with King for the same amount as currently proposed. The current proposal from King includes a $350,000.00 signing bonus.

6.      As early as January 15, 2008, the undersigned counsel for MacNelly proposed that the parties enter into a "Standstill Agreement" during the pending litigation

to allow both parties to fully and fairly litigate their respective claims in a timely ***and*** cost efficient manner. The proposed "Standstill Agreement" provided in material terms as follows:

    a.    MacNelly would continue to provide the Feature to TMS for syndication after March 31, 2008 until further order of this Court.
    b.    TMS would continue to syndicate the Feature to current and new TMS customers under TMS' standard agreement, which by its terms may be terminated with 30 days notice ("Standard Customer Agreement").
    c.    The allocation of costs and compensation between the parties would be the same as under the parties' current relationship, such allocation not being in dispute.
    d.    TMS and MacNelly would both agree not to enter into any other agreements with respect to the Feature until further order of this Court.
    e.    The Standstill Agreement would be without prejudice to either party's claims or defenses and would be inadmissible in the litigation.

7.    TMS' counsel refused to enter the Standstill Agreement and instead insisted that MacNelly agree to an expedited discovery schedule that would allow this Court to fully try this matter and rule on or before March 31, 2008.

8.    Counsel for MacNelly indicated that he disagreed with expedited discovery. Initially, there is MacNelly's pending Motion for Judgment on the Pleadings; due to be fully briefed on 2/8/08, which if granted would render any expenditure of time and money on discovery a complete waste of the parties' resources. Further, there may be substantial discovery disputes that would require court resolution and thus, expedited discovery when there is a pending Motion for Judgment on the Pleadings could also waste substantial court resources.

9.    MacNelly's counsel further informed TMS' counsel that MacNelly's counsel could not meet such an expedited schedule in light of his other pending matters

3

and that MacNelly intended to raise restraint of trade issues with respect to the right of first refusal provision, which would likely require substantial expert discovery.

10. Counsel for MacNelly also informed TMS' counsel that there was a substantial lead time required to provide the Feature for syndication on a given date and that the real drop dead date was long before March 31, 2008 and closer to February 15, 2008.

11. MacNelly's counsel also informed TMS' counsel of his desire and intent to seek a pretrial conference with the court to resolve these issues and suggested a joint motion for pretrial conference.

12. MacNelly's counsel did agree to provide Rule 26(a) (1) Initial Disclosures despite the pending Motion for Judgment on the Pleadings. Both parties served their initial disclosures on January 30, 2008. These disclosures indicate that there are no less than nine (9) fact witnesses that would be called at any trial, many of whom do not live within the district.

13. TMS' counsel declined the offer to proceed with a joint pretrial conference motion and instead, on February 1, 2008, issued its written discovery and filed its Motion to Shorten Time to Respond to Discovery.

14. In light of TMS' refusal to enter into the proposed Standstill Agreement. MacNelly approached King to determine if King would be willing to syndicate the Feature *during the pending lawsuit* even though the Court may ultimately decide that MacNelly is not free to enter into any further syndication agreement with King but is bound to do business only with TMS.

15. King responded that in light of a prior cease and desist letter from TMS, it would only consider syndicating the Feature during the lawsuit if it was assured by this court or TMS that it will not be subject to any claims based upon any agreement to syndicate during the pending lawsuit. King further states that it would need at least six (6) weeks of lead time. See January 29, 2008 letter from Audra Kujawski of King Features to Steven B. Wolf of Wolf Holland & Solovy, LLP, attached hereto as **Ex. 1**.

### TMS' PENDING DISCOVERY AND MOTION TO SHORTEN TIME.

16. On February 1, 2008, TMS served its first set of interrogatories, document requests and requests to admit upon MacNelly and simultaneously filed a Motion to Shorten the Time for Responses to Written Discovery, asking that MacNelly be required to respond to all three by February 15, 2008. TMS' motion is scheduled for presentment on February 8, 2008 at 9:30 a.m. Copies of TMS' discovery requests are attached as exhibits to TMS' Motion to Shorten the Time for Responses to Written Discovery.

17. TMS asserts two arguments. First, "time is of the essence" because the current syndication agreement between the parties expires on March 31, 2008 and therefore, discovery must be expedited so that this Court can be resolve the case by March 31, 2008. And second, MacNelly has "not agreed to do what is in its power to expedite the resolution of this case, even though [MacNelly] initiated the litigation."

18. TMS' arguments are disingenuous. Within days of TMS' filing of its Answer and Counterclaim, MacNelly filed what it contends is a dispositive Motion for Judgment on the Pleadings. TMS did not move to expedite the briefing schedule but took all 28 days granted by the Court, filing its response on January 25, 2008. Further, TMS does not explain how requiring MacNelly to answer its written discovery by February 15,

2008 is going to result in this Court being able to finally resolve this matter before March 31, 2008. There is currently no scheduling order. MacNelly has not yet issued written discovery nor fully reviewed the approximate 400 pages produced in TMS' initial disclosures. And scheduling and deposing the current set of 9 fact witnesses, many of whom are located out of town, is not only unlikely to be achieved in time for some as yet unscheduled trial but would entail a large expenditure of time and money. And there is a pending motion on the pleadings that could render all such expenditures a complete waste of time and money.

19. While TMS has the resources to litigate in an inefficient and wasteful manner, MacNelly does not. Nor is it appropriate for any party to waste the resources of the federal court system.

20. TMS' Motion to Shorten the Time for Responses to Written Discovery is just TMS' attempt to abuse the discovery process and demonstrate to MacNelly that TMS will not hesitate to apply its greater resources to this litigation.

21. Each and every one of TMS' concerns in its Motion to Shorten Time could be immediately and cost effectively addressed if it would have agreed to entry of a Standstill Agreement. TMS wants to make sure that it will continue to be able to syndicate the Feature after March 31, 2008 *and* that MacNelly will continue to provide it. The proposed Standstill Agreement accomplishes this goal much more efficiently and cost effectively than an impossible discovery schedule and the questionable assumption that the court has the time available to fit in a full trial of this matter before March 31, 2008. Further, the real drop dead date is February 15, 2008, not March 31, 2008.

**F.R.CIV. P. RULE 16**

22.　　While TMS is entitled to spend its resources any way it sees fit, MacNelly is entitled to an opportunity to fully and fairly litigate her claims and defenses. This includes a chance to do full discovery, prepare and file any appropriate summary judgment motions and to fully prepare for trial.

23.　　Rule 16 authorizes this Court to address not only the fully briefed and pending Motion for Judgment on the Pleadings but all the issues raised by TMS' Motion to Shorten Time as well as the parties concerns with preserving the value of the Feature pending resolution of the parties' dispute. Rule 16 also allows this Court to protect MacNelly's rights to fully present her claims and defenses while at the same time "discouraging wasteful pretrial activities." F.R.Civ. P. Rule 16(a) (3).

24.　　MacNelly respectfully suggests that a pretrial conference before February 15, 2008 would serve the purposes of Rule 16. MacNelly further suggests that with this Court's assistance, an interim agreement for syndication of the Feature during the lawsuit could be reached (referred to herein as the "Standstill Order"). Such a Standstill Order would protect the value of the Feature and thus, preserve this Court's ability to grant meaningful relief. If the Feature's value is damaged while waiting for a final resolution of the parties' rights, then there is a strong possibility that any relief granted by the court will be inadequate because the Feature will have lost readers it may never regain.

25.　　Such an interim agreement would also allow this Court time to address the fully briefed pending Motion for Judgment on the Pleadings prior to the parties incurring the costs of further discovery.

26.　　MacNelly further requests that the parties or their representatives not be required to be physically present at the pretrial conference but be available by phone. This request is due to the fact that Susan MacNelly lives in Virginia and is presently in Florida.

**WHEREFORE**, Plaintiff, Blue Ridge Salvage Co., Inc. respectfully requests that this Court grant its motion and order the parties, through their counsel to participate in a Rule 16 Pretrial Conference to address entry of a Standstill Order addressing syndication of the Feature during the lawsuit and the issue of discovery scheduling.

Respectfully submitted,
Blue Ridge Salvage Company, Inc.

/s/ Kevin B. Salam
Its attorney.

Kevin B. Salam
**Wolf Holland & Solovy, LLP**
40 Skokie Blvd., Ste. 105
Northbrook, IL 60062
224-330-1717 (Tel.)
224-330-1715 (Fax)