IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUE RIDGE SALVAGE COMPANY, INC., <br> Plaintiff, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 07 C 6497 <br> ) District Judge Norgle <br> ) Magistrate Judge Mason <br> ) <br> ) |

### DEFENDANT'S INITIAL STATUS
### REPORT AND PROPOSED DISCOVERY PLAN

1. **Summary of the Claim and Counterclaim**: This case arises out of a dispute over a right of first refusal with respect to syndication and ancillary rights for the cartoon feature "Shoe." The Syndication Agreement of August 25, 1995 (the "Syndication Agreement") currently governing the parties' relationship will expire on March 31, 2008.

The Complaint filed by Plaintiff/Counterdefendant Blue Ridge Salvage Company, Inc. ("Blue Ridge") contends that the right of first refusal owned by Defendant/Counterplaintiff Tribune Media Services, Inc. ("TMS") was no longer valid in 2007 because the right expired when the creator of Shoe died in 2000, and that TMS agreed in 2000 that the right of first refusal had expired. Blue Ridge further alleges that TMS' attempt to exercise the right of first refusal on August 24, 2007 failed because TMS did not match all of the terms offered by a non-party, and that TMS' acceptance provided additional terms beyond the eight terms that TMS matched. Blue Ridge did not file suit until November 16, 2007, nearly 3 months after TMS exercised the right of first refusal, and just 5.5 months before the Syndication Agreement will expire.

TMS has filed an Answer denying the material allegations of Blue Ridge's Complaint, and an Affirmative Defense alleging that Blue Ridge has violated its duty of good faith by intentionally working to prevent TMS from exercising its right of first refusal. TMS has also filed a Counterclaim seeking a declaratory judgment that TMS possesses a valid right of first refusal, and has effectively exercised it here, thereby creating a binding agreement between the parties.

2. **Relief Sought**: Both Blue Ridge and TMS are seeking declaratory relief. No monetary relief is being sought at this time.

3. **Referral**: All pretrial issues have been assigned to Magistrate Judge Mason in accordance with Judge Norgle's minute order of February 11, 2008. A copy of that minute order is attached hereto as Exhibit A.

4. **Status of Briefing**: On February 11, 2008, just one business day after Blue Ridge's Motion for Judgment on the Pleadings was fully briefed, Judge Norgle denied Blue Ridge's Motion for Judgment on the Pleadings. A copy of Judge Norgle's Opinion and Order are attached hereto as Exhibit B.

5. **Discovery Dates and Related Matters**: The parties exchanged Rule 26(a)(1) disclosures on January 29, 2008. TMS produced some 400 pages to Blue Ridge, but Blue Ridge did not produce a single document to TMS. TMS served a subpoena duces tecum on non-party King Features Syndicate, Inc. ("King Features") on January 4, 2008, and King Features produced documents on January 23, 2008. On February 1, 2008, TMS served the following written discovery on Blue Ridge: (a) Defendant's First Set of Document Requests to Plaintiff; (b) Defendant's First Set of Interrogatories to Plaintiff; and (c) Defendant's First Set of Requests for Admission to Plaintiff. Pursuant to the Court's order

of February 26, 2008, Blue Ridge has been ordered to respond to this written discovery on February 29, 2008 (as to documents) and March 3, 2008 (as to interrogatories and requests for admission). Blue Ridge has not yet served any discovery requests, nor has Blue Ridge served any subpoenas duces tecum.

TMS submitted a Proposed Discovery Plan to Blue Ridge on January 22, 2008, but Blue Ridge never responded to that proposal. TMS submitted a second Proposed Discovery Plan to Blue Ridge on February 20, 2008, but Blue Ridge did not respond to that proposal until after the hearing before the Court on February 26, 2008. TMS proposes an expedited discovery plan that would move this case forward in anticipation of a resolution before the expiration of the parties' Syndication Agreement on March 31, 2008.

|  | TMS' Proposal |
| --- | --- |
| **Deadline to Serve Initial Written Discovery** | March 3 |
| **Deadline to Respond to Outstanding Written Discovery** | March 17 |
| **Deadline to Complete Oral Discovery** | March 26 |
| **Summary Judgment Motions** | March 28 |

6. **Protective Order**: The parties have executed an Agreed Stipulated Protective Order to govern discovery in the case which they will tender for the Court's consideration.

7. **Settlement**: TMS' principal and Blue Ridge's principal agreed to meet, without counsel being present, in December 2007, but Blue Ridge's counsel cancelled the meeting. TMS and Blue Ridge agreed to meet in January 2008, with principals and counsel

in attendance, but Blue Ridge cancelled the meeting because TMS refused to enter into a Standstill Agreement before the meeting commenced. TMS looks forward to scheduling a settlement conference, attended by principals, presided over by the Court.

Dated: February 28, 2008

        TRIBUNE MEDIA SERVICES, INC.

        By:   /s/ Frederic R. Klein
                One of Its Attorneys

Frederic R. Klein
Chad A. Blumenfield
Kerry K. Donovan
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that on February 28, 2008, he caused a copy of the foregoing, **DEFENDANT'S INITIAL STATUS REPORT AND PROPOSED DISCOVERY PLAN**, to be served via the U.S. District Court's electronic notification system upon:

> Kevin B. Salam, Esq.
> Wolf Holland & Solovy, LLP
> 40 Skokie Blvd., Ste. 105
> Northbrook, IL 60062

      /s/ Frederic R. Klein