IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLUE RIDGE SALVAGE COMPANY, INC., | ) ) | |
|     Plaintiff-Counterdefendant, | ) | No. 07 C 6497 |
| vs. | ) ) | District Judge Norgle |
| | ) | <u>Magistrate Judge Mason</u> |
| TRIBUNE MEDIA SERVICES, INC. | ) ) | |
|     Defendant-Counterplaintiff. | ) ) | |

**PLAINTIFF'S INITIAL STATUS
REPORT AND PROPOSED DISCOVERY PLAN**

    **1.**     <u>**Summary of Claim and Counterclaim:**</u> Plaintiff, Blue Ridge, owned and operated by Susie MacNelly, the widow of Jeff MacNelly, is obligated to license the comic strip feature "SHOE" (the "Feature") to TMS for its exploitation of syndication and ancillary rights until March 31, 2008. The parties have filed a complaint and counterclaim each seeking a declaration of rights between the parties as to the rights in the Feature after March 31, 2008. The parties dispute whether TMS has a right of first refusal to match an August 8, 2007 offer Blue Ridge received from King Features for exploitation of the Feature beginning April 1, 2008.

    Blue Ridge contends in part that the 1995 Syndication Agreement that contains TMS' claimed right of first refusal was superseded by a new letter agreement dated September 20, 2000. The September letter agreement was entered after the death of Jeff MacNelly and this letter agreement does not contain any right of first refusal. Jeff MacNelly was the original creator of SHOE and the person responsible for drawing and writing SHOE. TMS did not believe his widow, Susie MacNelly, would be able to continue SHOE after Jeff's death.

    Alternatively, Blue Ridge contends in part that even if TMS has a right of first refusal, TMS failed to properly exercise its claimed right because instead of accepting by matching the

1

August 8, 2007 King Features offer, TMS counter-offered by including a material term that was different than the King Features offer.

Blue Ridge is considering amending its complaint to add or clarify an alternative argument that if the 1995 Syndication Agreement still governs the parties' relationship, TMS breached the agreement by not undertaking sufficient efforts, if any, to exploit any of the rights in the Feature beyond syndication rights.

**2.** **Relief Sought:** Blue Ridge and TMS are both seeking declaratory relief. No money damages are sought at this time. To the extent Blue Ridge amends its complaint to add a claim for breach of contract, Blue Ridge is still seeking only a declaration that TMS has no right of first refusal.

**3.** **Referral:** All pretrial issues have been assigned to Magistrate Judge Mason in accordance with Judge Norgle's minute order of February 11, 2008. A copy of which is attached as Ex. A to Defendant's Initial Status Report previously filed on February 28, 2008.

**4.** **Status of Briefing.** There are no motions currently pending. Judge Norgle previously denied Plaintiff's, Blue Ridge's Motion for Judgment on the Pleadings. A copy of Judge Norgle's order denying Plaintiff's motion is attached as Ex. B to Defendant's Initial Status Report previously filed on February 28, 2008.

**5.** **Discovery Dates and Related Matters.** Defendant, TMS insists that expedited discovery is required and proposes an unreasonable discovery schedule providing for completion of all discovery and filing of summary judgment motions on *March 28, 2008*. TMS requests this schedule based upon the fact that parties' current agreement expires by its terms on March 31, 2008. Defendant requests this schedule despite the fact that the Court is unlikely to be able to issue any final ruling declaring the parties respective rights before March 31, 2008. Further,

because of the lead time required for actual creation and distribution of the Feature to newspapers for syndication/publishing, strips of the Feature due to be published after March 31, 2008 are actually already being provided to TMS by Blue Ridge without any final resolution of the dispute between the parties.  Since a least the first week of January during the first of several initial discovery scheduling conferences, Plaintiff's counsel has repeatedly requested that Defendant meet and discuss a pretrial standstill order that would guarantee Blue Ridge's continued submission of the Feature to TMS *and* TMS' continued syndication of the Feature during the pending lawsuit and until further order of this Court.  TMS has declined to discuss any such order but TMS' counsel has stated TMS will "consider" such an agreement at the scheduled April 8, 2008 settlement conference with Magistrate Mason.

In light of the fact both parties have agreed to the importance of preserving the value of the Feature by avoiding any interruption to the publishing of the Feature during this lawsuit, Plaintiff Blue Ridge has unilaterally agreed to continue to provide the Feature to TMS at least until April 8, 2008.  See March 4, 2008 letter from Blue Ridge's counsel to TMS' counsel, attached hereto as **Ex. 1.**  TMS refuses to confirm it will continue to syndicate the Feature after March 31, 2008, except if Blue Ridge dismisses its suit and signs a new 20 year agreement with TMS.  Blue Ridge still desires to enter an agreed pretrial standstill order that will assure the continued syndication of the Feature during the pending lawsuit.  Further, Blue Ridge's willingness to agree to the continued submission of the Feature to TMS until such time as the Court finally determines this matter obviates the need for any unreasonable discovery schedule and allows Blue Ridge the opportunity to fully and fairly present its case to this Court.

In addition to written fact discovery, Blue Ridge foresees the depositions of at least the 10 witnesses currently disclosed by the parties in their initial Rule 26(a)(1) disclosures as well as

several more witnesses expected to be disclosed during written discovery and depositions. At least two of the currently disclosed witnesses are out of state non-party witnesses. Further, Blue Ridge expects to disclose at least one expert related to industry licensing issues.

The parties exchanged Rule 26(a)(1) initial disclosures on January 29, 2008. On February 29, 2008, Blue Ridge answered TMS' First Request for Production by producing almost 900 pages of additional documents. On March 3, 2008, Blue Ridge answered TMS' First Set of Interrogatories and First Requests for Admissions. Blue Ridge is working on its initial written discovery to TMS and expects to serve these no later than March 14, 2008. Blue Ridge proposes the following discovery schedule:

| | |
|---|---|
| Blue Ridge to Issue First Set of Written Fact Discovery | March 14, 2008 (9 days) |
| TMS to Respond to First Set of Written Fact Discovery. | March 28, 2008 (14 days) |
| Deadline to Complete Oral Fact Discovery and answer any Additional Written Fact Discovery. | July 29, 2008 (120 days) |
| Status on Expert Discovery Scheduling and scheduling of Summary Judgment Motions. | July 29, 2008 |

**6.** **Protective Order:** The Parties have entered an agreed protective order to be tendered for the Court's consideration.

7. **Settlement:** The parties have agreed to attend and participate in a settlement conference with Judge Mason on April 8, 2008. Counsel for Blue Ridge respectfully disagrees with TMS' counsel's characterization of the parties' prior settlement efforts.

                                        Respectfully submitted,
                                        Blue Ridge Salvage Company, Inc.

                                        /s/ Kevin B. Salam
                                        Its attorney.

Kevin B. Salam
**Wolf Holland & Solovy, LLP**
40 Skokie Blvd., Ste. 105
Northbrook, IL 60062
224-330-1717 (Tel.)
224-330-1715 (Fax)

4