# EXHIBIT 1

Case 1:07-cv-06497   Document 40-2   Filed 03/05/2008   Page 1 of 5



# WOLF HOLLAND SOLOVY LLP

ATTORNEYS & COUNSELORS

March 4, 2008

<u>Via Email and U.S. Mail</u>

Mr. Frederic R. Klein
**Goldberg, Kohn, Bell, Black,
Rosenbloom & Moritz, Ltd.**
55 East Monroe Street, Suite 3300
Chicago, IL 60603-5802

    Re: **Terms for limited provision of SHOE after 3/31/08 and reservation of rights.**

Dear Fred:

    Despite acknowledging the importance to both parties of maintaining syndication of SHOE during the pending lawsuit, TMS has and continues to refuse to even discuss the terms under which Blue Ridge would continue to provide SHOE to TMS after March 31, 2008 for syndication during the pending lawsuit. Although TMS has stated that it will discuss this issue at the settlement conference on 4/8/08, the SHOE strips being provided by Blue Ridge to TMS as of 2/29/08 are scheduled to be published/syndicated April 1, 2008 forward and hence, do not fall under any version of the current syndication agreement, which both sides agree expires 3/31/08.

    This letter will serve to inform TMS of the terms under which Blue Ridge is going to continue to provide SHOE to TMS for "Limited Syndication Purposes" only until the April 8, 2008 settlement conference with the Court. In light of the litigation, I am directing this information to you with the understanding that you will direct it to the appropriate person(s) at TMS so that appropriate changes to payments to Blue Ridge can be made.

<u>"Limited Syndication Purposes" Defined.</u>

    Until at least the April 8, 2008 settlement conference with the Court, Blue Ridge is going to provide SHOE to TMS for the "Limited Syndication Purpose" defined as syndication under the customary syndication agreements used by TMS for SHOE, which can be terminated with not more than 30 days notice.

March 4, 2008
Mr. Frederic R. Klein
Re: Blue Ridge v. TMS
Page 2 of 4

## Compensation and Ownership.

TMS and Blue Ridge at least agree as to the compensation and ownership issues if TMS continues to syndicate SHOE after 3/31/08. This statement is based upon the following. TMS contends that Blue Ridge is obligated to continue to provide SHOE after 3/31/08 under the 8 terms identified in King Features "Proposal for Representation of SHOE Comic Strip 8/8/07." Blue Ridge contends that it can enter into an agreement with King consistent with the terms contained in the "Proposal for Representation of SHOE Comic Strip 8/8/07" and that the terms include terms contained in King's August 8, 2007 cover letter. However, neither TMS nor Blue Ridge dispute the terms of the King Features' proposal with respect to compensation for syndication or copyright ownership.

The King Features proposal as to compensation and copyright ownership for syndication provides:

> **5.     Revenue Splits: 50/50 (except pre-existing syndication deals which shall be 65/35) based on the gross receipts from all syndication, merchandising and entertainment rights licensing, less foreign agent commissions, and currency conversion (and for syndication receipts only, less costs and expenses for color separations and proofs).**
>
> **7.     Ownership: Blue Ridge to own.**

TMS' proposed syndication agreement contained in its August 24, 2007 putative acceptance that TMS contends matches items 5 and 7 of the King Features' proposal provides in relevant part:

> 3.     <u>Compensation.</u>
>
> (b) In consideration of the satisfactory performance by Blue Ridge Salvage of the obligations assumed by Blue Ridge Salvage under this Agreement, and of the rights granted to TMS herein, TMS shall pay to Blue Ridge Salvage (i) sixty-five percent (65%) of the "Net Receipts," as hereinafter defined, received by TMS during the term of this Agreement from (a) entities whose license agreements to publish the Feature were entered into prior to the Effective Date of this Agreement and (b) other sources of revenue under the [August] 25, 1995, agreement between the parties prior to the Effective Date of this Agreement; and (ii) fifty percent (50%) of the "Net Receipts" received by TMS during the term of this Agreement from (a) entities whose license agreements to publish the Feature are entered into after April 1, 2008, the Effective Date of this Agreement, and (b) all new sources of revenue that enter into contracts with TMS in connection with the Feature after April 1, 2008.
>
> (c) "Net Receipts" as used herein shall mean gross receipts from all syndication, merchandising and entertainment-rights licensing, less the sum of:

    (i) The costs and expenses for color separations and proofs (for syndication receipts only);
    (ii) Foreign agent commissions; and
    (iii) Currency conversions.

Blue Ridge expects TMS to comply with the payment timing and accounting provisions in Paragraph 3 of TMS' August 24, 2007 proposed syndication agreement, which states as follows:

> (d) Within twenty (20) days after the close of each accounting period of TMS (each accounting period being either four (4) or five (5) weeks, as determined by TMS), TMS shall determine and pay to Blue Ridge Salvage the amount, if any, payable pursuant to subparagraph 3(b) hereof for the "Net Receipts" received by TMS during such accounting period.

> (e) TMS shall keep accurate books and records reflecting amounts accrued from the syndication and sale of the Feature, and from all other revenue-generating activities, and shall furnish to Blue Ridge Salvage monthly statements, which shall disclose all sales of the Feature, and the purchases and the amounts actually received. Blue Ridge Salvage shall have the right, in person or by duly authorized agents, to examine TMS' records in which the accounts and information relative to this Agreement are maintained, provided such inspection shall be made during normal business hours and upon reasonable notice.

**Ownership and Copyright.**

Without prejudice to Blue Ridge's claims that it owns all copyrights and all other rights in SHOE for strips published after 3/31/08, Blue Ridge will continue to provide SHOE for Limited Syndication Purposes only with the copyright notice called for in TMS' August 24, 2007 proposed syndication agreement, "Copyright (c) 20_ [year] Tribune Media Services, Inc. All Rights Reserved." TMS shall make sure that newspapers and their companion websites that syndicate the Feature contain the forgoing copyright notice.

**Reservation of Rights.**

Blue Ridge's provision of SHOE to TMS for syndication after 3/31/08 is without prejudice to its claims in Case No. 07 C 6497 or any other position it has or may assert in Case No. 07 C 6497. It is intended by Blue Ridge that Blue Ridge's provision of SHOE to TMS for syndication after 3/31/08 is not to be used in any manner as evidence in Case No. 07 C 6497 and would be inadmissible under Federal Rule of Evidence 408. Blue Ridge hereby acknowledges that to the extent TMS continues to syndicate SHOE after 3/31/08 consistent with the "Limited Syndication Purposes" and terms contained in this letter, TMS' conduct consistent with this letter shall be without prejudice to its claims in Case No. 07 C 6497 or any other position it has or may assert in Case No. 07 C 6497 and that TMS' conduct consistent

March 4, 2008
Mr. Frederic R. Klein
Re: Blue Ridge v. TMS
Page 4 of 4

herewith is not to be used in any manner as evidence in Case No. 07 C 6497 and would be inadmissible under Federal Rule of Evidence 408.

    If TMS would like to enter into a pretrial standstill order consistent herewith, please let me know. Otherwise, please let me know in writing how TMS intends to proceed as to syndication of SHOE prior to a final determination of the lawsuit.

    Please call if you have any questions.

Respectfully,

Kevin B. Salam